**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RODNEY BUSH-ROWLAND,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil Action No. 21-19652 (GC)<br><br>**MEMORANDUM & ORDER** |

**THIS MATTER** comes before the Court following Petitioner Rodney Bush-Rowland's letter requesting that he proceed *pro se*. (ECF No. 21.) Petitioner previously filed a *pro se* amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 4 ("Motion to Vacate").)

On September 9, 2024, this Court denied the Motion to Vacate in part, denied a certificate of appealability as to all of Petitioner's claims other than his *Flores-Ortega* claim, and granted an evidentiary hearing solely as to Petitioner's *Flores-Ortega* claim asserting ineffectiveness assistance of counsel related to his plea counsel's failure to file an appeal on Petitioner's behalf. (ECF No. 19 at 1.) The Court further ordered that Petitioner, to the extent he wishes to be appointed counsel to represent him at the evidentiary hearing to be held in this matter pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings ("Rule 8(c)") and 18 U.S.C. § 3006A, should file proof of his indigence within thirty days. (ECF No. 19 at 1-2.) The Court would then schedule the evidentiary hearing following resolution of the issue of appointed counsel. (*Id.* at 2.) A copy of the Court's Order, its accompanying Opinion, *see Bush-Rowland v. United States*, No.

21-19652, 2024 WL 4117344 (D.N.J. Sept. 9, 2024), and the CJA Form 23 Financial Affidavit (Rev. 11/11) were sent to Petitioner by regular mail. (ECF No. 19 at 2.)

On December 20, 2024, the Court entered a Memorandum and Order noting that Petitioner had not filed proof of his indigence. (ECF No. 20 at 1.) The Court ordered that, to the extent Petitioner wishes to be appointed counsel to represent him at the evidentiary hearing, he shall file proof of his indigence within thirty days. (*Id.* at 2.) In addition, the Clerk of the Court was directed to send Petitioner another CJA Form 23 Financial Affidavit (Rev. 11/11) form by regular mail. (*Id.*)

On January 31, 2025, the Clerk of the Court docketed Petitioner's letter "requesting to proceed [in this] litigation as a pro-se litigant." (ECF No. 21.)

"[A petitioner] does not have a constitutional right to self-representation in his habeas corpus petition, but this Court has discretion to allow him to proceed pro se or to insist that he accept representation." *Wiseman v. Beard*, 629 F. Supp. 2d 488, 490 (E.D. Pa. 2009); *see also Fletcher v. Beard*, No. 10-3118, 2016 WL 2866431, at *3 (E.D. Pa. May 16, 2016) (explaining that "it is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter" (citing *Wiseman*, 629 F. Supp. 2d at 490)). Although a criminal defendant has a constitutional right to defend himself at trial when he voluntarily and intelligently elects to do so, this constitutional right does not extend to either direct appeals or collateral proceedings challenging a conviction. *See Martinez v. Ct. of App. of Cal., Fourth App. Dist.*, 528 U.S. 152, 154 (2000) (holding that right to proceed without counsel recognized in *Faretta v. California*, 422 U.S. 806 (1975), did not extend to the defendant's direct appeal from the conviction); *Peek v. United States*, No. 20-9747, 2023 WL 8110795, at *12 (D.N.J. Nov. 22, 2023) (denying without prejudice the § 2255 petitioner's request to have appointed

counsel act as standby counsel or to proceed *pro se*); *Fletcher*, 2016 WL 2866431, at *3 ("[I]t is logical to conclude that if there is no federal constitutional right to self-representation in a state appeal as of right . . . then there is no such constitutional right in [] collateral proceedings." (alterations in original) (quoting *In re Barnett*, 73 P.3d 1106, 1112-13 (Cal. 2003))).

Furthermore, Rule 8(c) provides that, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A(g)." "The Advisory Committee Notes to Rule 8 state that '[i]f an evidentiary hearing is required the judge must appoint counsel for a petitioner who qualifies . . . Appointment of counsel at this stage is mandatory . . . .'" *United States v. Iaisello*, 166 F.3d 212, 213 (3d Cir. 1999) (alteration in original). Accordingly, "when an evidentiary hearing is required, appointment of counsel for indigents is mandatory under Rule 8(c)." *Id.* (citations omitted). Furthermore, a violation of this rule is not subject to harmless error analysis. *See id.*

It is unclear whether Petitioner is indigent. *See United States v. Bendolph*, 409 F.3d 155, 160 (3d Cir. 2005) (en banc) (stating that, although the government did not dispute the petitioner's likely indigence as a federal inmate since 1996, "[t]he record is unclear as to whether Otero is indigent and the District Court should inquire as to his status" and that, "[s]hould he qualify as indigent, he must be afforded counsel for his ineffective assistance of counsel claim [warranting an evidentiary hearing]"). Accordingly, the Court grants Petitioner another opportunity to submit proof of his indigence by filing a completed CJA Form 23 Financial Affidavit (Rev. 11/11). Petitioner may file this affidavit under seal.

In any event, if Petitioner were to fail to file the affidavit, or his affidavit were to show that he is not indigent, the Court would deny Petitioner's request to represent himself at the evidentiary hearing. In his letter, Petitioner asserts that he has litigated the underlying claim, believes he is in

3

the best position to argue the issues, and intends to represent himself "in a civilized and knowledgeable manner and fully believes the interest of justice towards all parties concerned under the sixth amendment requirement of ineffective assistance of coun[sel] would be served." (ECF No. 21 at 1.) While the Court has no reason to question Petitioner's intentions, it expects Petitioner, as well as his plea counsel, to testify as witnesses at the evidentiary hearing as to whether, as Petitioner alleges, "counsel either failed to consult with him or failed to file an appeal as instructed," or that Petitioner "signed paperwork stating that he would not file an appeal, despite desiring to do so" (and whether Petitioner is thereby referring to the appellate waiver in his plea agreement or some other document). *Bush-Rowland*, 2024 WL 4117344, at *5. Given the practical difficulties presented where a *pro se* litigant is a critical witness at an evidentiary hearing, the Court exercises its discretion to require Petitioner to obtain legal representation.

IT IS, therefore, on this 5th day of February, 2025, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall **REOPEN** this matter; and it is further

**ORDERED** that Petitioner's letter request to proceed as a *pro se* litigant (ECF No. 21) is **DENIED**; and it is further

**ORDERED** that, within 90 days of the date of the entry of this Order: either (1) Petitioner shall file a completed CJA Form 23 Financial Affidavit (Rev. 11/11), which may be filed **UNDER SEAL**; or (2) an entry of appearance shall be filed by counsel retained by Petitioner to represent him in this matter; and it is further

**ORDERED** that the Clerk of the Court shall send Petitioner a copy of the CJA Form 23 Financial Affidavit (Rev. 11/11) by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter pending the submission of the completed CJA Form 23 Financial Affidavit (Rev. 11/11) or counsel's entry of appearance for Petitioner; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

*[signature]*
GEORGETTE CASTNER
United States District Judge